UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK HAYNES, | ) | Case Nos.: 1:10 CV 1388 |
| | ) | 1:03 CR 49 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Frederick Haynes ("Petitioner") Motion to Vacate Conviction and Sentence Pursuant to § 2255 ("Motion") (ECF No. 1.) For the following reasons, the court denies Petitioner's Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 2003, Petitioner was indicted and charged with six counts of: conspiracy to possess with the intent to distribute and distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; three counts of use of a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b); two counts of possession with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). On April 16, 2003, the Government filed a sentencing enhancement, notifying Petitioner that his prior 1996 conviction for possession of drugs increased Petitioner's sentencing to the ten-year mandatory minimum sentencing penalty. On September 5, 2003, before this court, the Government and Petitioner entered into a written plea agreement in which

Petitioner pled guilty to one count of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 846. On December 2, 2003, this court sentenced Petitioner to 130 months incarceration. Petitioner did not file a direct appeal.

Less than a year later, on November 30, 2004, Petitioner filed a motion to vacate or set aside judgment of conviction pursuant to 28 U.S.C. § 2255, which this court denied on May 31, 2005. *See* 1:04-cv-2371, ECF Nos. 1 and 10. On April 14, 2009, this court granted Petitioner's motion for a ten-month reduction in his sentencing pursuant to 18 U.S.C. § 3583(c)(2). On June 22, 2010, Petitioner filed the instant Motion, his second motion to vacate or set aside his judgment of conviction pursuant to 28 U.S.C. § 2555. (ECF No. 1.) In this Motion, Petitioner makes two claims. First, Petitioner asserts that his plea of guilty was not knowingly, voluntarily, and intelligently made because the Government concealed from him information pertinent to his case. Second, Petitioner argues that his federal sentence is void because of the invalidity of his prior 1996 conviction for possession of drugs.

While the court notes Petitioner's arguments, it does need to reach the merits of his claims because Petitioner's Motion is untimely and procedurally defaulted under 28 U.S.C. §2255.

## II. LEGAL ANALYSIS

Section 2255 motions must be filed within one year of the finalization of a petitioner's conviction. 28 U.S.C. § 2255(f)(1). On April 14, 2009, this court reduced Petitioner's sentence to the mandatory statute minimum term of 120 months pursuant to 18 U.S.C. § 3583(c)(2). (Order granting Motion to Reduce Sentence re Crack Cocaine Offense, ECF No. 529.) Petitioner did not appeal his conviction 10 days after the judgment was entered. Fed. R. App.

P. 4(b)(1)(A). On June 22, 2010, Petitioner filed his second §2255 Motion, one year, two months and twelve days after the court's judgment reducing his sentence. As a result, Petitioner's Motion is untimely.

Further, Petitioner does not qualify for an extension of the one-year statute of limitations under the doctrine of equitable tolling. In order to be entitled to equitable tolling, Petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) ("We apply the following factors to determine whether equitable tolling is appropriate: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."). Petitioner's Motion does not allege that this doctrine applies to his case and thus he is not entitled to an extension on this ground.

In addition to being untimely, Petitioner's Motion is barred because it is a second or successive habeas petition without certification from a court of appeals. 28 U.S.C. § 255(h). In order to receive certification, Petitioner would have to show that his Motion contained either "(1) newly discovered evidence, that . . . would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(1)-(2). Petitioner

filed his first § 2255 motion to vacate his December 2, 2003 sentence on November 30, 2004, which the court denied. *See* 1:04-cv-2371, ECF Nos. 1 and 10. The instant motion attacks the same December 2 sentence and thus is considered a "second or successive habeas corpus application". See § 2244(b). Because Petitioner has not shown that he received certification as required by § 2255, the court hereby denies his Motion.

### III. CONCLUSION

The court denies Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 28, 2011